UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ELISHA RIGGLEMAN, | )<br>) |
| Petitioner, | )<br>) |
| vs. | ) No. 2:17-cv-00381-WTL-MJD<br>) |
| JEFF KRUEGER, | )<br>) |
| Respondent. | ) |

**Entry Discussing Petition for a Writ of Habeas Corpus**

Petitioner Elisha Riggleman is a federal prisoner currently incarcerated at the United States Penitentiary, located in Lewisburg, Pennsylvania. Riggleman was previously housed at the United States Penitentiary in Terre Haute, Indiana (USP Terre Haute) from July 25, 2016 to August 14, 2017. Riggleman challenges disciplinary action that was taken against him while he was housed at the USP Terre Haute, resulting in the deprivation of 41 days of earned credit time.

**A.   Overview**

Prisoners may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On December 26, 2016, Lt. Tussey issued an Incident Report charging Riggleman with 203, Threatening another with Bodily Harm, and 224A, Attempted Assault on Staff. The Incident Report stated:

> While in the holding cell in the special housing unit I bent down to pick up the inmates eye glasses that had fallen on the ground. Inmate Riggleman then attempted to kick me, and attempted to jump on top of my back. Inmate Riggleman was then placed on the floor to regain control of him. Once on the floor inmate Riggleman continued to resist, and was noncompliant. Due to inmate Riggleman's continued disruptive behavior, and continuing to be combative he was placed into hard ambulatory restraints. Several times during this incident inmate Riggleman made threats to staff. Specifically, inmate Riggleman stated that he was going to send members of a biker gang to my house to take care of me.

Riggleman was issued a copy of the incident report on December 27, 2016 at 8:50 A.M.

The Incident Report was subsequently suspended for referral to the Federal Bureau of Investigation and United States Attorney's Office ("USAO") to consider for prosecution. The Incident Report was officially released by the USAO for BOP administrative processing on January 6, 2017.

Riggleman was issued a second copy of the incident report on January 7, 2017, at 1:03 P.M. Riggleman appeared before the DHO on January 26, 2017. He was advised of his rights and stated that he understood those rights. He waived his right to a staff representative. He did not request any witnesses and did not present any documentary evidence. Riggleman denied the charges.

At the hearing, DHO Bradley dropped the charge of Threatening another with Bodily Harm, but found that Riggleman had committed Attempted Assault without Serious Injury in violation of Code 224A. The DHO considered the Incident Report, and the description of the incident by the reporting officer, including the statement that: "Specifically, Riggleman stated

that he was going to send members of a biker gang to my house to take care of me." The DHO also considered the statement from Officer Schoeffel, who was present during the incident, and stated that Riggleman had kicked at Lt. Tussey's hand, and then attempted to get on top of Lt. Tussey. The DHO also considered Riggleman's statements denying that he tried to fight anyone, denying that he made a threat, kicked or jumped on anyone's back, and stating that he was handcuffed the entire time.

The DHO sanctioned Riggleman to the disallowance of 41 days of good time and 90 days of commissary and visiting restrictions.

**C. Discussion**

Riggleman challenges the disciplinary action against him arguing: (1) Lt. Tussey exercised excessive force against him and (2) there is no such code as 224-A, Attempted Assault.

1. *Use of Force*

Riggleman asserts that Lt. Tussey exercised excessive force against him. He states that camera footage and medical records will show that Tussey assaulted him. First, to the extent that Riggleman seeks any damages or other relief because of the alleged use of force, he will have to pursue that relief through a civil rights action, not this habeas case. *Nelson v. Campbell*, 541 U.S. 637, 646 (2004) ("[D]amages are not an available habeas remedy."); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) ("[H]abeas corpus is not an appropriate or available remedy for damages claims."). In fact, Riggleman appears to be asserting these claims in a separate civil rights case in this Court. *Riggleman v. Krueger, et al.*, 2:17-cv-380-WTL-MJD.

Riggleman's assertion that Lt. Tussey used excessive force may be understood to be a challenge to the sufficiency of the evidence to support the disciplinary charge. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing

officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The evidence in support of the disciplinary charge includes Lt. Tussey's and Officer Schoeffel's statements that Riggleman tried to kick and climb on Lt. Tussey. This is enough evidence to support the disciplinary charge of attempted assault on staff. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision."). The DHO was permitted to weigh these statements against Riggleman's denials and assertion that he was injured in the incident and conclude that Riggleman did attempt to assault Lt. Tussey. Riggleman is therefore not entitled to habeas relief on this basis.

The Court notes that Riggleman refers to "video" of the incident and attempted, without success, to "subpoena" any video. Dkt. 17. But discovery is not usually permitted in habeas actions. *See Bracy v. Bramley,* 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."). In order to be entitled to discovery, a petitioner must make specific factual allegations that demonstrate that there is good reason to believe that the petitioner may, through discovery, be able to garner sufficient evidence to entitle him to relief. *See id.* at 908-09. Riggleman has failed to show his entitlement to discovery of the video here because the Court cannot review evidence

that was not presented at the hearing or at least requested by the petitioner. *Cf. Thomas v. McBride*, 306 F. Supp. 2d 855, 859 (N.D. Ind. 2004) ("[T]his Court does not sit as a de novo trier of the [disciplinary board's] hearing . . . ."). There is no indication that he requested video review at the time of the hearing. Without having made such a request, he cannot present an argument that he was denied evidence. *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns."). Riggleman is therefore not entitled to discovery of the video and cannot show that he is entitled to relief based on any video.

       2. *Code 224A*

Riggleman also argues that Code 224A does not exist. But BOP Program Statement 5270.09, Inmate Discipline Program provides that:

> (5) All Severity Level Offenses. In all categories of severity, aiding another person to commit any of these offenses, attempting to commit them, or making plans to commit them, is considered equivalent to committing the offense itself. In these cases, the letter "A" is combined with the offense code. For example, planning an escape is Escape, Code 102A. Attempting to adulterate food or drink is Code 209A.

Code 224 prohibits assault on staff and the Inmate Discipline Program provides for punishment for attempting to commit a disciplinary offense. There was therefore no impropriety for charging Riggleman with Code 224A – Attempted Assault on Staff.

      **D.**     **Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Riggleman to the relief he

seeks. Accordingly, Riggleman's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 3/5/18

Distribution:

ELISHA RIGGLEMAN
07411-088
LEWISBURG - USP
LEWISBURG U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
LEWISBURG, PA 17837

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jill.julian@usdoj.gov